# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DÜMMEN NA, INC., | ) |
| | ) CASE NO. 2:16-cv-709 |
| Plaintiff, | ) |
| | ) JUDGE _____ |
| v. | ) |
| | ) MAGISTRATE JUDGE _____ |
| PROVEN WINNERS NORTH | ) |
| AMERICA, LLC and PLANT21, LLC, | ) |
| | ) **JURY DEMAND ENDORSED** |
| Defendants. | ) **HEREON** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

Plaintiff Dümmen NA, Inc. (hereinafter, "Dümmen") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity and non-infringement of a United States patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and the United States Patent Law, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.  Dümmen seeks a declaration that U.S. Patent No. 9,313,959 (hereinafter, "the '959 Patent") is invalid and not infringed by *Calibrachoa* plants sold by Dümmen.

## PARTIES

2. Dümmen is a corporation organized under the laws of the State of California, having a principal place of business at 250 South High Street, Suite 650, Columbus, OH, 43215.

3. Dümmen is a leading provider of flowering plants, including, but not limited to, varieties of *Calibrachoa*, 'Aloha Cherry Cartwheel', 'Aloha Red Cartwheel', 'Aloha Cartwheel Red', 'Aloha Cartwheel Hot Pink', 'Aloha Grape Cartwheel', 'Lindura Cosmos Cranberry',

- 2 -

'Lindura Cosmos Strawberry', and 'Lindura Cosmos Hot Pink' (hereinafter, "the Dümmen *Calibrachoa*").

4. Upon information and belief, Plant21, LLC (hereinafter, "Plant21") is a California limited liability company having its principal place of business at 32149 Aqueduct Road, Bonsall, CA 92003.

5. Upon information and belief, Plant21 is the owner of the '959 Patent.

6. Upon information and belief, Proven Winners North America, LLC (hereinafter, "Proven Winners") is a California limited liability company having its principal place of business at 45 N First Street, Suite B, Campbell, CA 95008.

7. Upon information and belief, Proven Winners is the exclusive licensee of the '959 Patent.

**JURISDICTION AND VENUE**

8. This is an action for declaratory judgment under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 based on the existence of an actual controversy between Dümmen, on the one hand, and Plant21 and Proven Winners, on the other hand, for claims under the Patent Laws.

9. The existence of this controversy is demonstrated by, for example, the June 20, 2016 letter (attached hereto as Exhibit A) from Brian Heiser, Managing Director of Plant21, to Dümmen, in which Plant21 and Proven Winners allege infringement of the '959 Patent and demand that Dümmen cease and desist from selling the Dümmen *Calibrachoa*, or face a suit for patent infringement, including claims by Plant21 and Proven Winners for monetary damages, willful infringement, and injunctive relief.

10560263v1

10. Specifically, in the June 20, 2016 letter, Plant21 and Proven Winners:

> demand that Dümmen Orange[1] immediately cease and desist making, using, offering to sell, or selling any at least the Dümmen *Calibrachoa* varieties identified above, within the United States or importing into the United States at least the *Calibrachoa* varieties identified above during the term of the '959 patent.  Furthermore, we demand that Dümmen Orange provide us with written assurances within fifteen (15) days from the date of this letter, stating that Dümmen Orange will cease and desist from making, using, offering to sell, or selling at least the *Calibrachoa* varieties identified above, within the United States or importing into the United States at least the *Calibrachoa* varieties identified above during the term of the '959 Patent…If Dümmen Orange does not comply with this cease and desist demand within this time period, we will be entitled to use Dümmen Orange's failure to comply as evidence of "willful infringement" and seek monetary damages and equitable relief.  In the event Dümmen Orange fails to meet this demand, please be advised that Plant21 and Proven Winners will contemplate pursuing all available legal remedies, including seeking monetary damages, injunctive relief, and an order that Dümmen Orange pay court costs and attorney's fees.

11. This Court has personal jurisdiction over both Plant21 and Proven Winners by reason of the extensive business conducted by both parties in this State, and specifically within this Judicial District.  On information and belief, Proven Winners is in the business of wholesaling, marketing and selling plants globally, and ships its products worldwide, including within the State of Ohio and this District.  For example, Proven Winners' products are available for sale at HOME DEPOT®, LOWE'S®, e-commerce sites, and local brick-and-mortar garden, feed, greenhouse, horticultural, landscape and nursery businesses, including at least 68 distinct locations throughout Ohio.  On information and belief, Plant21 is a breeder of Proven Winners' plants, including *Calibrachoa*.

12. In addition, the Court has personal jurisdiction over both Plant21 and Proven Winners because, as described in paragraph 10 above, Plant21 and Proven Winners have

---

[1] Dümmen Orange is an operating name for entities organized under DNA Green Group B.V., a limited liability company registered in the Netherlands.  Dümmen NA, Inc. is the American subsidiary of DNA Green Group B.V.

- 3 -

threatened Dümmen with a suit alleging patent infringement. Dümmen's United States headquarters is located in Columbus. Thus, Dümmen is sustaining damage as a result of Plant21's and Proven Winners' actionable conduct within this District.

13. By purposely targeting residents of this District with their unsupported patent enforcement activities, Plant21 and Proven Winners have an expectation to derive substantial income from their activities in this District. In addition, Plant21 has had substantive negotiations with Dümmen, a company located in this District, regarding the '959 Patent.

14. Plant21's and Proven Winners' claims for patent infringement made against Dümmen are baseless and are purposely intended to harass and inflict harm on Dümmen. Plant21's and Proven Winners' actions have caused, and will cause, harm in this District by requiring Dümmen, a resident of this District, to needlessly spend resources to defend against or settle Plant21's and Proven Winners' meritless claims. Exercising personal jurisdiction over Plant21 and Proven Winners is fair and reasonable because this District has an interest in adjudicating this dispute.

15. The Court also has personal jurisdiction over Proven Winners because, upon information and belief, Proven Winners attends, on a yearly basis, the Cultivate conference and trade show in Columbus, Ohio, and thus has extensive contacts, and derives economic benefit from the same, in the State of Ohio and within this District.

16. Venue is proper in this District in that this Court has personal jurisdiction over Plant21 and Proven Winners, and a substantial part of the events giving rise to the claims at issue occurred in this District in that Plant21 and Proven Winners have threatened Dümmen, a resident of this District, with a suit alleging patent infringement, and because a portion of the negotiations

concerning the '959 Patent occurred in Columbus, OH on July 11, 2016, during the Cultivate '16 conference and trade show.

## THE PATENT-IN-SUIT

17. Dümmen incorporates by reference paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. The '959 Patent, entitled "Calibrachoa plant with radially symmetric coloration" and assigned to Plant21, issued on April 19, 2016. A copy of the '959 Patent is attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF – INVALIDITY OF THE '959 PATENT

19. Dümmen incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The '959 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq*., including, but not limited to, Sections 101, 102, 103, and 112 for at least the reasons set forth herein.

21. Claims 1-11, 14, and 15 of the '959 Patent are each invalid under 35 U.S.C. § 101, because they are not directed to patent-eligible subject matter.

22. Claim 1 of the '959 Patent recites a *Calibrachoa* plant. There is no description provided in the '959 Patent that distinguishes the *Calibrachoa* as described and claimed therein from a naturally-occurring *Calibrachoa* plant. Claims 2-8 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

23. The *Calibrachoa* described and claimed in the '959 Patent are indistinguishable from a naturally-occurring *Calibrachoa*. Human-guided sexual reproduction of such naturally-occurring plants, for example as recited in claims 9, 14, and 15 of the '959 Patent, does not

differ markedly from sexual reproduction of plants that occurs in nature.  Claims 10 and 11 of the '959 Patent depend from claim 9 and suffer from the same deficiency.

24. Claims 1-15 of the '959 Patent are each invalid under 35 U.S.C. § 112 for lack of written description because the specification fails to show that the inventor was in possession of the full scope of the claimed subject matter at the time the application was filed.

25. Claim 1 of the '959 Patent recites that the *Calibrachoa* comprises a "radially symmetric pattern along the center of the fused petal margins, wherein said pattern extends form the center of the inflorescence and does not fade during the life of the inflorescence."  This claim language encompasses all radially symmetric patterns of all color schemes, but Plant21 has shown possession only of the deposited seed of the 'Cherry Star' variety, which has a particular pattern and a particular coloration.  Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

26. Claim 1 of the '959 Patent recites that "the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363."  The specification of the '959 Patent is silent as to the definition of a "half-dominant gene," any sequence for the half-dominant gene, or the sequence or identity of any protein encoded thereby.  Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

27. Claim 1 of the '959 Patent recites a particular trait, and attempts to recite a gene by identifying a source of such a gene, but requires no link between the trait (function) and the gene (structure), nor does the specification provide any link.  Further, there is no art-recognized link between any particular gene sequence in *Calibrachoa* and the claimed trait.  Claims 2-15 of

the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

28. Claims 1-15 of the '959 Patent are each invalid under 35 U.S.C. § 112 for lack of enablement because the specification does not teach a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.

29. Claim 1 of the '959 Patent recites "a *Calibrachoa* plant comprising at least one inflorescence with a radially symmetric pattern along the center of the fused petal margins, wherein said pattern extends from the center of the inflorescence and does not fade during the life of the inflorescence, and wherein the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363." The scope of the claim extends beyond the deposited 'Cherry Star' variety, but the specification provides no guidance for producing any other *Calibrachoa* besides 'Cherry Star' and two crosses involving 'Cherry Star', each of which showed poor passage of the claimed trait. Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

30. Claim 1 of the '959 Patent recites that "the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363." The specification of the '959 Patent is silent as to any sequence for the half-dominant gene, or the sequence or identity of any protein encoded thereby. Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

31. Claim 1 of the '959 Patent recites "a *Calibrachoa* plant comprising at least one inflorescence with a radially symmetric pattern along the center of the fused petal margins,

wherein said pattern extends from the center of the inflorescence and does not fade during the life of the inflorescence, and wherein the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363."  Upon information and belief, the variety 'Cherry Star' exhibits fading; thus, claims reciting a non-fading trait as the result of the inclusion of the unidentified half-dominant gene from 'Cherry Star' are not enabled.  Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

32. Claims 1-15 of the '959 Patent are each invalid under 35 U.S.C. § 112 for indefiniteness because the claims fail to recite essential elements.

33. Claim 1 of the '959 Patent recites "a *Calibrachoa* plant comprising at least one inflorescence with a radially symmetric pattern along the center of the fused petal margins, wherein said pattern extends from the center of the inflorescence and does not fade during the life of the inflorescence, and wherein the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363."  Claim 1 fails to require a link between the trait and the genetic structure.  As such, the claim is not supported by the disclosure.  Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

34. Claims 1-15 of the '959 Patent are each invalid under 35 U.S.C. § 112 for indefiniteness because the claims utilize terms that would not provide reasonable certainty of the scope of the claims to one of ordinary skill in the art.

35. Claim 1 of the '959 Patent recites that "the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having

- 8 -

been deposited under ATCC Accession No. PTA-13363." The term "half-dominant" is not a term utilized in the field of genetics and is not defined in the specification, and the claim thus fails to inform those of skill in the art, with reasonable certainty, of the scope of the invention, based at least on the use of this term therein. In addition, the specification does not describe how the deposited seeds were produced, and thus there is no certainty that any deposited seed includes the recited "half-dominant" gene. Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

36. Claim 1 of the '959 Patent recites "a *Calibrachoa* plant comprising at least one inflorescence with a radially symmetric pattern along the center of the fused petal margins, wherein said pattern extends from the center of the inflorescence and does not fade during the life of the inflorescence, and wherein the *Calibrachoa* plant comprises a single half-dominant gene, as found in *Calibrachoa* variety 'Cherry Star,' representative seed having been deposited under ATCC Accession No. PTA-13363." The claim fails to describe genetic structure that provides this trait, thus the claim must be interpreted under 35 U.S.C. § 112, sixth paragraph. The specification is silent as to genetic structure providing this trait, thus the claim is invalid as indefinite. Claims 2-15 of the '959 Patent depend directly or indirectly from claim 1, and thus all suffer from the same deficiency.

37. Claims 1-15 of the '959 Patent are each invalid under 35 U.S.C. §§ 102 and 103 as anticipated and/or obvious.

38. Because the specification and claims of the '959 Patent are silent as to a structure for the half-dominant gene recited therein, there is no way to distinguish the claimed *Calibrachoa* from prior art *Calibrachoa*. Any *Calibrachoa* plant having a radially symmetric pattern as recited in claim 1 that was described in a printed publication, sold, offered for sale, or

publically available in the United States prior to the filing date of the '959 Patent anticipates and/or renders obvious claim 1 of the '959 Patent.

### SECOND CLAIM FOR RELIEF – NONINFRINGEMENT OF THE '959 PATENT

39. Dümmen incorporates by reference paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The Dümmen *Calibrachoa* do not infringe claims 1-15 of the '959 Patent because the Dümmen *Calibrachoa* do not include each and every limitation of the recited claims.

41. Upon information and belief, the Dümmen *Calibrachoa* lack a "radially symmetric pattern" as that term is defined in the specification of the '959 Patent.

42. Upon information and belief, the Dümmen *Calibrachoa* exhibit fading during the life of the flowers.

### PRAYER FOR RELIEF

WHEREFORE, Dümmen respectfully requests that the Court enter judgment in favor of Dümmen and against Plant21 and Proven Winners, as follows:

A. That the '959 Patent is invalid;

B. That the Dümmen *Calibrachoa* do not infringe any of claims 1-15 of the '959 Patent.

C. That this case be declared exceptional pursuant to 35 U.S.C. § 285;

D. That costs and reasonable attorney's fees be awarded to Dümmen; and

E. That Dümmen shall be granted any other and further relief that the Court may deem just and proper.

- 11 -

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Dümmen respectfully requests a trial by jury on all matters raised in the Complaint.

>                                          */s/ Sommer L. Sheely*
>                                          Sommer L. Sheely  (0076071), Trial Attorney
>                                          Attorney for Plaintiff Dümmen NA, Inc.

Respectfully submitted,

*/s/ Sommer L. Sheely*
Sommer L. Sheely (0076071), Trial Attorney
BRICKER & ECKLER LLP
100 S. Third Street
Columbus, OH 43215
Telephone: 614.227.2300
Facsimile: 614.227.2390
Email: ssheely@bricker.com

-and-

Julie W. Meder (PA ID No. 71188)
Cecilia R. Dickson (PA ID No. 89348)
Brian J. Jackson (PA ID No. 311490)
(*Pro Hac Vice* applications forthcoming)
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: 412.471.8815
Facsimile: 412.471.4094
Email: jmeder@webblaw.com
cdickson@webblaw.com
bjackson@webblaw.com

*Attorneys for Plaintiff*

- 12 -

10560263v1